# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 23-1056V**

| | | |
|---|---|---|
| EMILY MENDEZ, Petitioner, | * | Chief Special Master Corcoran |
| v. | * | Filed: October 7, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*Leigh A. Finfer*, Muller Brazil, Dresher, PA, for Petitioner.

*Alyssa M. Petroff*, U.S. Department of Justice, Washington, DC, Respondent.

**DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS**[1]

On July 11, 2023, Emily Mendez filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that she suffered Guillain-Barré syndrome ("GBS") as a result of receiving a tetanus-diphtheria-acellular-pertussis ("Tdap") vaccine on January 6, 2022. Petition (ECF No. 1) at 1. The matter was resolved on the papers, and I determined that Petitioner had not established entitlement. *See* Decision, dated June 25, 2026 (ECF No. 29). That determination was not appealed.

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Aug. 11, 2026 (ECF No. 34) ("Mot."). This is Petitioner's sole such request. Petitioner requests a total of $69,025.75 (reflecting $42,735.80 in fees, plus $26,289.95 in costs) for the work of attorneys and staff at Muller Brazil, LLP. Mot. at 2. Respondent reacted to the fees request on

[1] "Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*"

[2] The Vaccine Program comprises Part 2 of the Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

August 17, 2026. *See* Response, filed as ECF No. 35 ("Resp."). Respondent defers to my discretion as to whether the statutory requirements for a fees and costs award are met herein, and if so, the calculation of the amount to be awarded. Resp. at 2, 4.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$69,025.75**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] is demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.,* 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

master). The factual basis and medical support for the claim is among the evidence that should be considered. Carter v. Sec'y of Health & Hum. Servs., 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g., Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle her to a fees and costs award. There was some record evidence that Petitioner had a reaction to the vaccine at issue, despite her inability to put forth a medically reliable causation theory that has not previously been considered in prior decisions. And although I have been unpersuaded by arguments that the Tdap vaccine causes GBS, it remains aa reasonably-disputed issue in the Vaccine Program. Accordingly (and because I find no other reason to deny fees despite the claim's disposition), a final award of fees and costs in this matter is appropriate.

## II. Calculation of Fees

Only "reasonable" fees or costs may be awarded in the Program. Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Petitioner requests the following rates for her various attorneys, based on the years work was performed:

| | 2022 | 2023 | 2024 | 2025 | 2026 |
|---|---|---|---|---|---|
| **Leigh Finfer (Attorney)** | -- | $275.00 | $300.00 | $300.00 | $355.00 |
| **Paul Brazil (Attorney)** | -- | $425.00 | -- | -- | -- |
| **Marcela Senerth (Paralegal)** | $160.00 | $160.00 | $160.00 | -- | -- |
| **Stacey Bowman (Paralegal)** | $125.00 | -- | -- | -- | -- |
| **Stacie Bole (Paralegal)** | $125.00 | $140.00 | -- | -- | -- |
| **Ginny Schaffer (Paralegal)** | -- | $140.00 | -- | -- | -- |
| **Tereza Pavlacsek (Paralegal)** | -- | $177.00 | $177.00 | $180.00 | $190.00 |
| **Erik Pavlacsek (Paralegal)** | -- | $140.00 | $155.00 | $170.00 | $180.00 |
| **Alexandria Munoz (Paralegal)** | -- | -- | -- | $125.00 | |
| **Katy Yoos (RN/Paralegal)** | $165.00 | $165.00 | $165.00 | -- | $190.00 |

Mot. at 6–21.

The attorneys in question (primarily Ms. Finfer) practice in Dresher, PA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch*. *See Colagreco v. Sec'y of Health & Hum. Servs.*, No. 14-465V, 2016 WL 6518579 (Fed. Cl. Spec. Mstr. Sept. 26, 2016). The rates requests are also consisted with what has previously been awarded for their work, in accordance with the Office of Special Masters' fee schedule.[5] *See Hirst v. Sec'y of Health & Hum. Servs.*, No. 21-1176V, slip. op. at 2 (Fed. Cl. Spec. Mstr. June 12, 2026); *Aguayo v. Sec'y of Health & Hum. Servs.*, No. 23-1327V, 2026 WL 2111506 (Fed. Cl. Spec. Mstr. June 24, 2026). I thus find no cause to reduce them in this instance. And I award all attorney time devoted to the matter as requested. I shall also award the requested paralegal time, and at the rates proposed.

## III. Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 7, 2026).

*16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $26,289.95 in outstanding litigation costs, including the filing fee, medical record retrieval costs, and costs associated with the work of two experts—Drs. Joseph Jeret and Michael Blaiss. Mot. at 23. Dr. Jeret prepared two written reports in the matter and submitted an invoice reflecting a total amount of $7,375.00 (14.75 hours worked at a rate of $500.00 per hour, minus a $2,000.00 retainer). *Id.* at 28. Dr. Blaiss similarly prepared two written reports on behalf of Petitioner and submitted an invoice reflecting a total amount of $17,187.50 (31.25 hours at a rate of $550.00 per hour, minus a $1,100.00 retainer). *Id.* at 29–32. The total amount charged was largely reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Final Attorney's Fees and Costs. I award a total of **$69,025.75**, reflecting $42,735.80 in fees and $26,289.95 in costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.